UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES P. O'SULLIVAN and
PAMELA GILBERT O'SULLIVAN,

       Plaintiffs,

                                   Case No. 04-CV-74353
vs.                               HON. GEORGE CARAM STEEH


CHARLES R. VAN ASSCHE, SR.,
VERONICA J. VAN ASSCHE, and
PAUL VAN ASSCHE,

       Defendants.

_____/

OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#22),
GRANTING SUMMARY JUDGMENT TO PLAINTIFFS AS
TO DEFENDANTS' COUNTERCLAIMS
DISMISSING ALL CLAIMS AND COUNTERCLAIMS,
AND DENYING DEFENDANTS REQUEST FOR SANCTIONS

Defendants Charles Van Assche, Sr., Veronica J. Van Assche, and Paul A. Van Assche move for summary judgment as to plaintiffs James P. O'Sullivan's and Pamela Gilbert O'Sullivan's claim for specific performance. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument[1].

This lawsuit was removed to federal court on November 8, 2004 based on diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441, 1446. Plaintiffs initially filed suit in Michigan's Macomb County Circuit Court on July 19, 2004 alleging they executed an "Option to Purchase Real Estate" ("Option") on April 18, 1995 with defendants Charles and Veronica Van Assche, husband and wife, and defendant Paul Van Assche, Charles' and Veronica's

_____
[1] A conference was held on February 7, 2006 in lieu of a hearing.

son, with respect to certain Chesterfield Township real property ("Property").  Pursuant to the terms of the Option, defendants obtained a $169,000.00 appraisal of the Property on August 15, 1995, and plaintiffs obtained a $106,000.00 appraisal on December 28, 1995. The Option purchase price became the average of the two appraisals, or $137,500.00.

Plaintiffs allege they were notified on April 15, 2004 that the defendants intended to sell the Property, and that they therefore exercised their purchase option on April 17, 2004. Plaintiffs allege defendants have since refused to sell them the Property.  Plaintiffs seek specific performance of the Option.[2] Defendants filed a counterclaim on November 8, 2004 alleging plaintiffs breached the Option, that the Option is null and void for lack of contractual consideration, and that plaintiffs' acts and omissions have rendered the Option illusory.

### I. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to [the fact-finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v.

---

[2]  A suggestion of death was filed under Rule 25(a)(1) on January 24, 2006 relative to plaintiff James P. O'Sullivan.

Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no

genuine issue of material fact and that it is entitled to judgment as a matter of law, the

opposing party must come forward with "specific facts showing that there is a genuine issue

for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean

v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Summary judgment may be

granted in favor of a non-moving party where there remains no genuine issue of material

fact.  E.E.O.C. v. Allendale Nursing Centre, 996 F.Supp.2d 712, 713 (W.D.Mich. 1998).

## II. Analysis

The Option contract provides for "an irrevocable option to purchase" the Property,

and that "[s]aid option shall be exercised upon the written notification to Buyers by Sellers

that they intend to sell or transfer their interest . . . in said property[.]"  (emphasis added).

The "Sellers" are listed in the Option as Charles R. Van Assche, Veronica J. Van Assche,

and Paul A. Van Assche, the three named defendants.  Plaintiffs executed the April 18,

1995 Option in their own right, whereas defendant Paul VanAssche executed the Option

in his individual capacity, and as attorney in fact for defendants Charles and Veronica

VanAssche.  The Option arose as part of a December 31, 1994 "Agreement For Purchase

of Real Estate" with respect to real property plaintiffs purchased immediately adjacent to

the Property, which reads in part:

> 13.  Sellers [VanAssches] shall grant Purchasers [O'Sullivans] an Option to
> Purchase Lot 148 for a purchase price to be determined at the time of closing
> by an average of appraisals.

The plaintiffs subsequently purchased the real property adjacent to the Property.

It is undisputed that Charles' son non-party Charles Van Assche Jr. ("Chuck"), a real

estate agent with no ownership interest in the Property, mailed an April 15, 2004 letter to

the O'Sullivans, stating in relevant part:

> This is to inform you that the Van Assche's [sic] have decided to sell their
> property at 48481 Harbor Dr.[.]

Chuck thereafter placed a "For Sale" sign on the Property for a week, and listed the

Property for sale on an MLS Internet Website for 2 days.

Plaintiffs' right to exercise their right to purchase under the Option expressly accrues

upon receiving written notification "by Sellers."  While Chuck testified that he talked to his

father Charles about Charles' interest in listing the Property for sale, plaintiffs have failed

to come forward with evidence that Property "Seller" Paul Van Assche authorized Chuck

or Charles to send the April 15, 2004 letter, or to sell Paul's interest in the Property.  Paul

Van Assche attests that he never authorized anyone to sell the Property, and that Chuck's

letter was not sent at his request.  Apparent authority for which a principal may be held

liable must be traceable to the principal, and cannot be established by the acts and conduct

of the agent.  Smith v. Saginaw Savings & Loan Association, 94 Mich. App. 263, 271, 288

N.W.2d 613 (1980).  Stated differently, "a person may not merely by his own words or

conduct make himself another's agent."  West Bay Exploration Co. v. AIG Specialty

Agencies of Texas, Inc., 915 F.2d 1030, 1035 (6th Cir. 1990) (applying Michigan law)

(internal citation omitted).  Plaintiffs have failed to present evidence of acts or conduct

traceable to Paul Van Assche that would allow the defendants O'Sullivans to reasonably

conclude that Chuck or Charles had apparent authority to act for Paul.  As a consequence,

plaintiffs did not receive the requisite notification from all three "Sellers" under the Option

necessary to trigger their option to purchase the Property.  Defendants Van Assches are

entitled to summary judgment of plaintiffs' claims as a matter of law.  Amway Distributors,

323 F.3d at 390.

What remains are defendants counterclaims' that plaintiffs breached the Option, that the Option is null and void for lack of contractual consideration, and that plaintiffs' acts and omissions rendered the Option illusory.  Where, as here, the terms of a written contract are unambiguous, contract construction is for the court to determine as a matter of law.  See Zurich Ins. Co. v. CCR and Co., 226 Mich. App. 599, 604, 576 N.W.2d 392 (1998).  The plain meaning of contractual terms may not be impeached with extrinsic evidence.  Id.  The material provisions of a binding contract governing the sale of land are an identification of the parties, the property, and the consideration.  Zurcher v. Herveat, 238 Mich. App. 267, 290-291, 605 N.W.2d 329 (2000).  It is well established under Michigan law that the exchange of mutual promises constitutes valid contractual consideration.  See Garlock v. Motz Tire & Rubber Co., 192 Mich. 665, 672, 159 N.W.334 (1916).  A promise is illusory, and thus not a promise at all, if the promise to perform an act in the future is not an expression of a present intent to perform, but an expression that future conduct will conform to a promissee's future intent or will.  Mastaw v. Naiukow, 105 Mich. App. 25, 29, 306 N.W.2d 378 (1981) (quoting Corbin, Contracts (one vol. ed.), § 16, at 24).

The December 31, 1994 "Agreement For Purchase of Real Estate" unambiguously demonstrates the parties exchanged mutual promises that plainitffs were to receive an "Option to Purchase Lot 148" as part of the consideration for plaintiff's purchase of the real estate adjacent to the Property.  The parties themselves performed the promises set forth in this Agreement and the Option by obtaining separate appraisals and setting the Option purchase price as the "average" of the two appraisals, $137,500.00.  Not only did the parties exchange mutual promises, they performed their promises.  The promises made and performed were not illusory because the promises were not a function of the parties'

5

future intent, but the parties' present intent to perform their promises.  Neither plaintiffs nor

defendants reserved a right to back out of their promised performances at some future

date.  Pursuant to the unambiguous language of the December 31, 1994 Agreement and

April 18, 1995 Option, defendants counterclaims alleging that the Option is null and void

for lack of consideration and/or as illusory are unsupportable as a matter of law.  Zurich Ins.

Co., 226 Mich. App. at 604; Zurcher, 238 Mich. App. at 290-291; Garlock, 192 Mich. at 672;

Mastaw, 105 Mich. App. at 29.

Defendants do not allege a factual basis for their breach of contract claim.  At a

status conference, defendants raised the issue that plaintiffs had failed pay for certain

promised maintenance and repairs at the Property.  Neither the December 31, 1994

Agreement nor the April 18, 1995 Option express a requirement that plaintiffs are required

to pay for or perform maintenance and repairs to perfect their purchase option.  To the

extent defendants allege plaintiffs are liable for breaching another oral or written contract

to pay for  thousands of dollars of repairs, defendants have not argued or alleged plaintiffs'

liability exceeds $75,000.00.  See 28 U.S.C. § 1332.  Permissive counterclaims such as

this, which do not arise out of the same transaction or occurrence[3] as plaintiffs' claims for

enforcement of the Option, must be dismissed because they do not independently satisfy

federal jurisdictional requirements.    Stewart v. Dollar Federal Savings and Loan

Association, 523 F.Supp. 218, 224 (S.D.Ohio 1981) (citing City of Cleveland v. Cleveland

Electric Illuminating Co., 570 F.2d 123, 126-127 (6th Cir. 1978)).  Plaintiffs are entitled to

summary judgment of defendants' counterclaims as a matter of law.  Id.; E.E.O.C., 996

F.Supp.2d at 713.

Defendants' motion for summary judgment is hereby GRANTED.  Plaintiffs' claims

---

[3]  See Fed. R. Civ. P. 13(b).

6

are hereby DISMISSED with prejudice.  Summary judgment is also hereby GRANTED in favor of plaintiffs at to defendants' counterclaims alleging  plaintiffs breached the Option, that the Option is null and void for lack of consideration, and that plaintiffs' acts and omissions have rendered the Option illusory.  These counterclaims are hereby DISMISSED with prejudice.  Defendants breach of contract claim seeking maintenance and repair costs is hereby DISMISSED, without prejudice, for lack of federal question subject matter jurisdiction.  Defendants' request for Rule 11 sanctions is hereby DENIED in the absence of evidence of sanctionable conduct.  See Fed. R. Civ. P. 11(b).

     SO ORDERED.


               s/George Caram Steeh
               GEORGE CARAM STEEH
               UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2006

### CERTIFICATE OF SERVICE
Copies of this Order were served on the attorneys of record on March 10, 2006, by electronic and/or ordinary mail.


               s/Josephine Chaffee
               Secretary/Deputy Clerk